**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM E. PERRY, | : | CIVIL ACTION NO. 4:13-CV-01039 |
| | : | |
| Petitioner, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| THE COMMONWEALTH OF | : | (Magistrate Judge Schwab) |
| PENNSYLVANIA, | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

## I.     INTRODUCTION.

In this 28 U.S.C. § 2241 habeas corpus petition, William Perry ("Perry") is

challenging his pretrial detention while awaiting his Pennsylvania criminal trial in

Tioga County on an array of charges.[1]  In the petition, Perry primarily complains

that he is being denied his Sixth Amendment right to a speedy trial and to confront

witnesses.  The petition has been given preliminary consideration, and we

---

[1]      The Court takes judicial notice of the docket sheets in *Commonwealth v.
Perry*, Nos. CP-59-CR-0000530-2012, CP-59-CR-0000529-2012, CP-59-CR-
0000528-2012, and CP-59-CR-0000462-2012, available through Pennsylvania's
Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

recommend dismissing it, without prejudice, for failure to exhaust remedies in state court.[2]

## II.   **BACKGROUND**.

According to Perry, he was initially arrested on August 29, 2012, and was committed to the Tioga County Prison. *Id*. at ¶ 1. After posting bail, Perry claims that he was released, but thereafter, he was arrested again on August 31, 2012, on new charges. *See id*. at ¶¶ 1-2. After his second arrest, Perry asserts that he was recommitted to the Tioga County Prison. *Id*. On September 1, 2012, Perry claims that he was arraigned on the new charges, and was granted bail for a second time. *Id.* On September 14, 2012, Perry was re-released. *Id*.

According to Perry, a preliminary hearing was scheduled for September 18, 2012, on all charges. *Id*. at ¶ 3. At the September 18th preliminary hearing, Perry asserts that he moved for a continuance, and his motion was granted. *Id*. at ¶ 4. The state trial court allegedly reset the hearing for October 30, 2012. *Id*. at ¶ 5.

Subsequently, Perry claims, additional charges were filed against him, and he was allegedly re-arrested on September 27, 2012. *Id*. at ¶ 6. On October 2,

---

[2]    *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"). This petition is governed by 28 U.S.C. § 2241, but the Court can apply the 28 U.S.C. § 2254 Rules "to a habeas corpus petition not covered by Rule 1(a)" of the 2254 Rules. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

2012, Perry alleges that he was arraigned, granted bail, and released a third time,

on these newest charges, which were to be addressed at the preliminary hearing

that was reset for October 30, 2012. *Id*. at ¶¶ 6-7.

After he was granted bail, for a third time, Perry was arrested again on

October 10, 2012, for allegedly committing a "PFA violation." *Id*. at ¶ 8.

Following his fourth arrest, Perry's bail was revoked, and he was recommitted

"pending further proceedings." *Id*.; *see also* Pet's. Ex. 3.

According to Perry, the October 30, 2012, preliminary hearing was moved to

December 4, 2012. *See Id*. at ¶ 7; Pet's. Ex. 2. Although it is unclear when the

preliminary hearing actually took place, the electronic docket implies that one did

occur, as Perry's counsel requested an "actual audio recording or a transcript of the

preliminary hearing." Still, Perry argues that he is "aggrieved" by the delay in

holding a preliminary hearing, because the Commonwealth did not show good

cause in requesting that the October 2012 hearing be rescheduled because a

witness failed to appear. *Id*. at ¶¶ 7, 13; *see also* Pet's. Ex. 1. Based on this

continuance, he argues that he was denied the federal right to confront witnesses

under the Sixth Amendment, in that the Commonwealth's witness failed to attend

and no evidence was offered. *Doc*. 1 at ¶15. In addition, Perry contends that he

was denied the federal right to a speedy trial under the Sixth Amendment in that he

has remained in detention for a period of 180 days without having been brought to

trial. *Id*. at ¶ 9.[3]

## III. __DISCUSSION__.

Under 28 U.S.C. § 2241 district courts have jurisdiction to issue a writ of

habeas corpus before judgment is rendered in a state court proceeding. *See Moore*

---

[3]     To the extent that Perry also claims, in general, that Pa.R.Crim.P. 540 was
violated, for the delay in holding a preliminary hearing, we find that Perry fails to
state a claim warranting any form of federal habeas corpus relief. The decision to
provide a preliminary hearing is left to the sole discretion of the states. *See Lem
Woon v. Oregon*, 229 U.S. 586 (1913) (ruling that the states are not constitutionally
required to provide either a preliminary hearing or a grand jury indictment); *see
also Gerstein v. Pugh*, 420 U.S. 103 (1975) (rejecting the contention that a
preliminary hearing is required by the Fourth Amendment). As a result, a general
claim alleging a violation of Pa.R.Crim.P. 540, for the delay in holding a
preliminary hearing does not involve the Constitution, federal laws, or treaties, and
does not warrant habeas corpus relief. *But see, e.g.*, *Ditch v. Grace*, 479 F.3d 249,
253 (3d Cir.), *cert. denied*, 552 U.S. 949 (2007) (concluding that a Pennsylvania
preliminary hearing is a critical stage in a criminal prosecution entitling a
defendant to effective assistance of counsel). Also, even assuming that this claim
gave rise to a claim arising under the Constitution or federal laws, Perry has yet to
exhaust his remedies in state court by allowing the courts of the Commonwealth to
first address this issue.

Additionally, it is worth noting that subsequent to the filing of his habeas
petition, on April 26, 2013, Perry filed a document (*Doc*. 4) that appears to contain
a new claim, namely a violation of the rule announced in *Brady v. Maryland*, 373
U.S. 83 (1963). Although, Perry never moved to supplement or amend his
petition, we nonetheless recommend dismissing such claim, without prejudice, for
his failure to exhaust state remedies (just as we do with the primary claims). In
particular, it appears that Perry never raised this specific claim in the Pennsylvania
courts  thereby giving the Commonwealth the first opportunity to address it.
Moreover, as the *Brady* claim relates to Perry's receipt of certain transcripts, the
docket reports reveal that his trial counsel has moved to obtain a copy of those
records.

*v. DeYoung*, 515 F.2d 437, 442 & n. 5 (3d Cir. 1975); *see also Paladino v. King*, 247 Fed. App'x 393, 394–95 (3d Cir. 2007) (challenges to pretrial incarceration are properly pursued in a § 2241 petition) (nonprecedential).  But, even though a petitioner is authorized to seek pre-conviction habeas relief, he must still exhaust state court remedies before filing a federal habeas petition.  *Green v. Piazza*, 1:11-CV-1456, 2011 WL 3739356, *3 (M.D.Pa. Aug. 23, 2011).

It is well-settled in the area of *post-conviction* habeas relief that, as mandated by 28 U.S.C. § 2254(b)(1)(A), a petitioner seeking federal habeas relief must demonstrate that he or she "has exhausted the remedies available in the courts of the State ...."  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 847, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992), *cert. dismissed* 506 U.S. 1089, 113 S.Ct. 1071, 122 L.Ed.2d 498 (1993).  Although 28 U.S.C. § 2243(c) (3) does not set forth an exhaustion requirement for petitioners seeking pre-conviction habeas relief, an exhaustion requirement has developed through decisional law. *See Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. 2254(b) and has developed through decisional law ... as to claims brought under 28 U.S.C. § 2241.") (citing *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 490–91 (1973)); *see also Moore*, 515 F.2d at 442 ("although there is a distinction in the

statutory language of §§ 2254 and 2241, there is no distinction insofar as the

exhaustion requirement is concerned.").

"The exhaustion requirement ensures that state courts have the first

opportunity to review federal constitutional challenges to state convictions and

preserves the role of state courts in protecting federally guaranteed rights."

*Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992), *cert. denied*, 504 U.S. 944

(1992). To satisfy the exhaustion requirement, a petitioner must demonstrate that

the claim raised in the federal petition was "fairly presented" to the state courts.

*Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S.

270, 275 (1971)). "This requires that the claim brought in federal court be the

substantial equivalent of that presented to the state courts. Both the legal theory

and the facts supporting a federal claim must have been submitted to the state

courts." *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989), *cert. denied*, 493 U.S.

1036 (1990) (internal citations omitted). Where state court remedies are

unexhausted, as recognized by the United States Supreme Court in *Younger v.*

*Harris*, 401 U.S. 37 (1981), "principles of federalism and comity require district

courts to abstain from enjoining pending state criminal proceedings absent

extraordinary circumstances." *Port Auth. Police Benevolent Assoc., Inc. v. Port*

*Auth. of N.Y. and N.J. Police Dep't.*, 973 F.2d 169, 173 (3d Cir. 1992). It is only

when the circumstances demonstrate that a petitioner faces the threat of suffering

irreparable harm that federal court intervention will be justified. *See Dombrowski v. Pfister*, 380 U.S. 479, 482–83 (1965).

In addition (and specifically relevant to the gravamen of Perry's petition), federal courts have permitted habeas review of a speedy trial claim prior to a conviction, but only when a petitioner is asking the state courts to enforce "the state's constitutional obligation to bring him promptly to trial" and when the petitioner has repeatedly made this request to the state courts. *McDowell v. Chesney,* 2004 WL 1376591, at *5 (D.Del. June 17, 2004) (quoting *Braden,* 410 U.S. at 489–90). A federal court will not review a speedy trial claim, presented in a pretrial application for habeas relief, when a petitioner is attempting to derail or stop a pending state trial. *Moore,* 515 F.2d at 446. As the court in *McDowell* stated:

> In contrast, when a petitioner is attempting to "abort a trial in the state courts" by seeking to dismiss pending state charges, to grant habeas review would be to permit premature litigation of constitutional defenses in federal court. Consequently, federal habeas review is not available unless the petitioner has exhausted state remedies and he makes "a special showing of the need for such adjudication" or he demonstrates "extraordinary circumstances" sufficient to excuse his failure to exhaust.

*McDowell,* 2004 WL 1376591, at *5 (footnote and citations omitted).

Here, the electronic docket in the Court of Common Pleas of Tioga County

clearly establishes that Perry has failed to take advantage of the state court

proceedings available to him, on either of his federal constitutional claims.[4]

Although, he has moved for a reduction of bail and reinstatement of the bail bond,

there is no record of him having availed himself of state court procedure by

seeking relief in the Court of Common Pleas or an appeal to the Pennsylvania

Superior Court from any denial of relief.  Moreover, as it specifically relates to his

speedy trial claim, he is doing exactly what the *Moore* court warned would not

warrant habeas relief.  Perry is not demanding that the Commonwealth be required

to promptly bring him to trial.  Instead, he seeks immediate release and the

---

[4]     By way of example, Pennsylvania clearly provides a procedure and a
remedy in cases where the Commonwealth has not promptly brought a defendant
to trial.  In such a case, the defendant may file (1) a "written" motion requesting
that the charges be dismissed with prejudice on the ground that he has not been
brought to trial within a specified period of time, provided by statute or (2) a
"written" motion requesting his release from pretrial detention when he has been
detained for a period greater than 180 days.  *See* Pa.R.Crim.P. 600(1), (2).  Upon
filing such a motion, the court is required to hold a hearing.  *Id.*  It does not appear,
though, that Perry has ever filed this type of motion, much less ever requested that
the Commonwealth promptly bring him to trial.  Instead, Perry merely alleges that
his attorney orally argued that a potential Rule 600 violation might exist if the
preliminary hearing was continued beyond the October 30, 2012, date.  *See Doc.* 1
at ¶ 13; *see also Doc.* 4.  According to the Pennsylvania Supreme Court, however,
that is insufficient.  *See Commonwealth v. Brock*, 61 A.3d 1015 (Pa. 2013)
(concluding that the Pennsylvania Superior Court erred in holding that an oral
motion to dismiss is sufficient to preserve a Rule 600 claim).  Moreover, the courts
of the Commonwealth are fully able to adjudicate Perry's perceived confrontation
clause violation.

dismissal of all charges. Further, the Court of Common Pleas ordered that his case

be placed on the trial calendar, and a disposition date has been set for this month.

Last, Perry has not demonstrated that he faces the threat of suffering irreparable

harm warranting federal intervention. Thus, there is an absence of extraordinary

circumstances that would warrant intervention on these issues, and we therefore

recommend that Perry's petition be dismissed, without prejudice.

## V.  RECOMMENDATION.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that:

(1) Perry's pretrial habeas corpus petition (*Doc*. 1) be **DISMISSED** without

   prejudice**.**

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within
fourteen  (14) days after being served with a copy thereof. Such party
shall file with the clerk of court, and serve on the magistrate judge and
all parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to
which objection is made and the basis for such objections. The
briefing requirements set forth in Local Rule 72.2 shall apply. A judge
shall make a de novo determination of those portions of the report or
specified  proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge. The
judge, however, need conduct a new hearing only in his or her
discretion or where required by law, and may consider the record
developed before the magistrate judge, making his or her own
determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **16th** day of **May, 2013**.


         ***S/ Susan E. Schwab***
         **Susan E. Schwab**
         **United States Magistrate Judge**